UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO: 5:13-CV-00005-BR

| | | |
|---|---|---|
| JASON WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER |
| v. | ) | |
| WILSON POLICE DEPARTMENT, | ) | |
| CHANTEL COETZER, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on defendant Wilson Police Department's ("Wilson P.D.") motion to dismiss, (DE # 11), and the letter dated 25 June 2013 from defendant Chantell Coetzer (whose name is apparently misspelled in the complaint) to the Clerk, (DE # 5), which the court construes as a motion to dismiss. The Clerk provided plaintiff, who is proceeding *pro se*, with notice of both motions. (DE ## 7, 12.) Plaintiff filed a response in opposition to the motions. (DE # 13.)

In his complaint, plaintiff alleges that on the morning of 24 September 2010, he was sitting in a park in Wilson, North Carolina. (Compl., Attach., DE # 4-1, at 1.) He began speaking with Coetzer, who had her three children with her, one of whom was an infant. (Id.) After their conversation, plaintiff returned to the bench where he had been sitting. (Id.) Shortly thereafter, Coetzer spoke with a man who had driven up in his car, and she then left in her car. (Id.) About 15 minutes later, plaintiff's friend picked him up from the park, and they went to Raleigh. (Id.) At home that night, plaintiff received a telephone call from a detective with Wilson P.D., who questioned plaintiff about his speaking with a woman at the park earlier that

day.  (Id.)  Plaintiff told the detective what had occurred.  (Id.)  The detective then stated a warrant for plaintiff's arrest would be issued because Coetzer had reported to the police that plaintiff attempted to kidnap her baby.  (Id.)  Plaintiff denied committing such an act and informed the detective that witnesses could verify his version of events.  (See id.)

The following day, Wilson P.D. officers arrested plaintiff for second degree attempted kidnapping.  (Id. at 1-2.)  Plaintiff's bond was set at $30,000; he remained incarcerated for 30 days.  (Id. at 2.)  Two weeks prior trial, the charge against plaintiff was dismissed, purportedly because Coetzer had lied about the incident.  (Id.)  Plaintiff appears to attempt to assert claims for violation of his civil rights pursuant to 42 U.S.C. § 1983, false arrest, malicious prosecution, defamation, and infliction of emotional distress.  (Compl., DE # 4, at 2.)

Wilson P.D. moves to dismiss the complaint on various grounds.  The court addresses only whether plaintiff has stated a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).

> "The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint; importantly, a Rule 12(b)(6) motion does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999) (internal quotation marks and brackets omitted).  As a result, to survive such a motion, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level" and have "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).  "In assessing the complaint's plausibility, we accept as true all the factual allegations contained therein." [*De'lonta v. Johnson*, 708 F.3d 520, 524 (4th Cir. 2013)].

Cameron v. Bonney, 523 F. App'x 969, 970 (4th Cir. 2013) (per curiam).

Title 42, United States Code, Section 1983, states in relevant part that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

Thus, "[t]o state a claim under § 1983, a plaintiff must aver that a person acting under color of state law deprived him of a constitutional right or a right conferred by a law of the United States." Wahi v. Charleston Area Med. Ctr., Inc., 562 F.3d 599, 615 (4th Cir. 2009) (citation omitted).

Wilson P.D. contends that it, as an arm of the City of Wilson, cannot be liable under § 1983 absent allegations that an official policy or custom caused the violation of plaintiff's constitutional rights. As this court has explained,

> "[A] municipality cannot be held liable solely because it employs a tortfeasor– or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978) (emphasis in original).
>> Rather, "[t]o state a cause of action against a municipality, a section 1983 plaintiff must plead (1) the existence of an official policy or custom; (2) that the policy or custom is fairly attributable to the municipality; and (3) that the policy or custom proximately caused the deprivation of a constitutional right." Municipal policy can be found in (1) written ordinances and regulations, (2) affirmative decisions of policymaking officials, or (3) omissions by policymaking officials "that manifest deliberate indifference to the rights of citizens." A municipal custom may arise "if a practice is so 'persistent and widespread' and 'so permanent and well settled as to constitute a 'custom or usage' with the force of law.'"
> Alexander v. City of Greensboro, 762 F. Supp. 2d 764, 781 (M.D. N.C. 2011) (citations omitted).

3

Davis v. Town of Smithfield, No. 5:12-CV-00360-BR, 2012 WL 5493615, at *2 (E.D.N.C. Nov. 13, 2012) (alterations in original).

In his response to the motions, plaintiff claims that had Wilson P.D. done a thorough investigation before arresting him, "it would have been evident that Mrs. Coetzer['s] accusations were unfounded." (Resp., DE # 13, at 2.) This allegation of one incident of purported misconduct on the part of the police is not indicative of a policy or custom. See Davis, 2012 WL 5493615, at *3 ("Whether the alleged violation is a failure to properly investigate or failure to take action subsequent to an investigation, a single incident would be insufficient to establish a policy or custom and thus insufficient to sustain a claim under § 1983." (citation omitted)). Therefore, plaintiff's § 1983 claim against Wilson P.D. will be dismissed.

As for Coetzer, she contends that plaintiff "has no[t] alleged facts which would allow him to recover under federal law." (Mot., DE # 5.) For the reasons stated with respect to Wilson P.D.'s motion to dismiss, the court agrees. Furthermore, Coetzer is clearly a private citizen. "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (internal quotation marks and citation omitted). As such, to state a claim against Coetzer under § 1983, plaintiff must allege that Coetzer has "a sufficiently close relationship with state actors such that a court would conclude that the non-state actor is engaged in the state's actions." DeBauche v. Trani, 191 F.3d 499, 506-07 (4th Cir. 1999). Plaintiff has not pled any facts which would suggest Coetzer was acting under color of state law. See Boykin v. Bloomsburg Univ. of Pa., 893 F. Supp. 409, 417 (M.D. Pa. 1995) ("Providing false information to an arresting officer is not, by itself, sufficient to state a claim against that private

4

party under § 1983." (citations omitted)), aff'd, 91 F.3d 122 (3d Cir. 1996). Accordingly, the § 1983 claim against her will be dismissed.

The remaining claims plaintiff attempts to assert are based on state law. Plaintiff and defendants are citizens of the same state, North Carolina, and therefore, diversity jurisdiction under 28 U.S.C. § 1332 does not exist. See Owens-Illinois, Inc. v. Meade, 186 F.3d 435, 440 (4th Cir. 1999) ("In order to establish diversity jurisdiction, the parties must be completely diverse; none of the plaintiffs may share citizenship with any of the defendants."). Pursuant to 28 U.S.C. § 1367(c), the court declines to exercise jurisdiction over the state law claims, and they will be dismissed without prejudice.

Finally, the court addresses plaintiff's argument that the motions should be dismissed because Coetzer did not attach a certificate of service to her motion and Wilson P.D. did not timely respond to the complaint. (Resp., DE # 13, at 2.) Plaintiff is correct that Coetzer failed to file a certificate of service with her motion in accordance with Federal Rule of Civil Procedure 5(d). However, assuming that plaintiff did not receive a copy of Coetzer's motion from her, that fact did not prejudice him as the Clerk served him with a copy of the motion, (see DE #6), and, as noted previously, provided plaintiff with notice of the filing of the motion and the deadline for filing material in opposition, (DE # 7).

Based on the information the court has before it, Wilson P.D. timely responded to plaintiff's complaint. According to Wilson P.D., plaintiff served the summons and complaint on it on 18 June 2013.[1] (Mem., DE # 11, at 1.) Absent an extension of time, Wilson P.D. had 21 days to serve on plaintiff an answer to the complaint or a motion under Federal Rule of Civil

---

[1] Plaintiff has not filed an affidavit of service of the summons and complaint in accordance with Federal Rule of Civil Procedure 4(l).

5

Procedure 12. See Fed. R. Civ. P. 12(a). Wilson P.D. served its Rule 12 motion to dismiss on plaintiff on 9 July 2013. (See Mot., Cert. of Serv., DE # 10.) See also Fed. R. Civ. P. 5(b)(2) ("A paper is served under this rule by . . . mailing it to the person's last known address– in which event service is complete upon mailing[.]"). That day is 21 days from 19 June 2013, which means the motion was timely. See Fed. R. Civ. P. 6(a)(1) (to compute a period stated in days, do not include the day of the triggering event and count every day). However, even if the motion was untimely, the court will still proceed to consider it as Wilson P.D. is not deemed to have waived any Rule 12(b) defenses. See Fed. R. Civ. P. 12(h).

For the foregoing reasons, the motions to dismiss are ALLOWED. Plaintiff's 42 U.S.C. § 1983 claim is DISMISSED WITH PREJUDICE. The state law claims are DISMISSED WITHOUT PREJUDICE. The Clerk is DIRECTED to close this case.

This 14 November 2013.

_____
W. Earl Britt
Senior U.S. District Judge